UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DEL CASTILLO,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL LONGSHORE & WAREHOUSE UNION,<br><br>Defendant. | Case No. 16-cv-03903-WHO<br><br>**ORDER DENYING MOTION FOR SANCTIONS**<br><br>Re: Dkt. No. 40 |

Defendant International Longshore and Warehouse Union ("Union") has moved for sanctions against plaintiff Antonio Del Castillo and/or his attorney, Jonathan Matthews, under 28 U.S.C. § 1927 and this court's inherent authority. Mot. [Dkt. No. 40]. There is no need for oral argument. The motion is DENIED.

Del Castillo originally pursued this case as a pro se plaintiff but retained attorney Matthews to represent him in opposing the Union's motion for summary judgment. Dkt. No. 29. The Union asserts that Castillo, and later Matthews, unreasonably pursued this case after the Union apprised Castillo of its meritorious defenses in its Answer, at his deposition, and in its summary judgment motion, causing the Union to incur excessive costs and attorneys' fees. Mot. at 1-3.

Sanctions under § 1927 "must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a *frivolous* argument or argues a meritorious claim for the purposes of harassment." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (internal quotation marks and citation omitted) (alteration in original). The Union asserts that Del Castillo's claims were frivolous because (1) he failed to state sufficient facts; (2) he failed to exhaust his union remedies; (3) the claims were barred by the applicable

statutes of limitations; (4) his injuries were the result of acts or omissions against individuals besides the Union; and (5) he failed to join a necessary party. Mot. at 2. The Union asserts that Del Castillo recklessly pursued his claims not only because it outlined these deficiencies in its Answer and summary judgment motion but also because Del Castillo admitted key facts that undermined his claims at his deposition, and yet Del Castillo pursued this case, opposing the summary judgment motion and refusing to withdraw his claims with prejudice. *Id.*

There is no dispute that on the record presented Del Castillo did not have strong arguments to support his claims. *See* Dkt. No. 38. But there is no evidence that Del Castillo brought these claims to harass the Union or knew the claims were frivolous. The record suggests that Del Castillo had an earnest belief that he had been wronged and that his claims had merit. His failure to recognize the legal weaknesses and procedural issues with his claims can reasonably be attributed to his lack of legal expertise as a pro se plaintiff.

Nor will I sanction his attorney, Matthews, who was retained only a week and a half before the summary judgment opposition was due. While Matthews, as an attorney, was better situated to assess the legal merits of Mr. Del Castillo's claims, he had limited time to evaluate all the facts and legal issues at play and to gather and present all the relevant evidence to the court. I will not sanction him for trying to assist Del Castillo make his case.

On this record there is insufficient evidence of subjective bad faith on the part of Del Castillo and Matthews to justify imposing sanctions under § 1927. The Union's motion for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: June 19, 2017

William H. Orrick
United States District Judge